## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | |
|---|---|
| **Theresa Stringer, individually and on behalf of all others similarly situated pursuant to 29 U.S.C. § 216(b),**  *Plaintiffs,* v. **Big Texan Steak Ranch Inc.**  *Defendant.* | No. 2:23-cv-00181-Z  PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSED MOTION TO STRIKE AND, ALTERNATIVELY, LEAVE TO FILE SUR REPLY |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSED MOTION TO STRIKE AND, ALTERNATIVELY, FOR LEAVE TO FILE SUR REPLY**

1

Contrary to Defendant's assertions, Plaintiff's reply reiterates the arguments raised in Plaintiff's motion for notice, addresses Defendant's arguments raised in its response regarding the compensation structure, including the rates of pay utilized for bartenders at Big Texan, and reasserts Plaintiff's arguments for court-authorized notice to similarly situated employees—servers and bartenders—who are all subject to the same pay pursuant to the tips credit and policies in violation of the FLSA. Plaintiff's reply also specifically responds to Defendant's contention that bartenders were not paid pursuant to the tip credit.

As discussed below, the arguments and evidence in Plaintiff's reply, which Defendant complains about, were not raised for the first time in Plaintiffs' Reply, and therefore Defendant's motion to strike and leave to file surreply should be denied. *See, e.g.*, *Berkman v. City of Keene*, No. 3:10-CV-2378-B, 2011 U.S. Dist. LEXIS 83580, at *14 (N.D. Tex. July 29, 2011) (denying motion for leave to file surreply and finding "the City was not presenting a new legal issue [in its reply], but rather respon[sive] to [the] assertions [raised in the response]. . . .").

**1.    Citations to the testimony of Lee, Corporate Representative are contained in the complete deposition transcript *attached as* Exhibit 21 to the initial motion.**

Although Defendant's contend that Plaintiff's citations to Lee's deposition are new evidence, Defendant fails to recognize that the excerpts cited are contained in the complete deposition transcript *attached as* Exhibit 21 in support of Plaintiffs' motion for notice [Doc. 50-21], and are responsive to the assertions made in Defendant's response, that bartenders were not paid pursuant to the tip credit.[1] Therefore, like in *Sliepcevic v. Am. Family Connect Prop. & Cas. Ins. Co.*, here Defendant's argument in support of its motion to strike are without merit. *See, e.g.*, No. SA-23-

---

[1]    *Compare* Defs Resp., [Doc. 51 at pp. 13-14] *with* Pls Reply, [Doc. 54 at pp. 3-4].

CV-00553-XR, 2024 U.S. Dist. LEXIS 106268, at *9 (W.D. Tex. June 14, 2024) (finding arguments in support of the motion to strike are without merit because the deposition cited was to "testimony contained in [the complete deposition transcripts attached to the initial motion] to support [the] motion...or rebut [] arguments raised in responsive pleadings"). Indeed, Plaintiff relies on the same deposition—Lee's deposition (albeit different excerpt lines)[2] in Plaintiff's motion and reply. *Compare* Defs' Mot. Strike, [Doc. 55 at p. 3] (citing Pls Reply, [Doc. 54 at p. 4], and stating that none of "Lee's deposition testimony, beginning at 77:16 and ending at 79:11 [was] not cit[ed]" in Pls' Mot., [Doc. 49 at pp. 14-17]) *with* Pls' Mot., [Doc. 49 at p. 14] (citing [Doc. 50-21] Lee Depo. Tr. at 56:21-23; 75:25-76:3; 76:17-77:3; 77:8-10; 80:2-5) *and* Pls Reply, [Doc. 54 at p. 4] (citing [Doc. 50-21] Lee Depo. Tr. at 75:25-76:3; 76:15-77:3; 77:8-10; 77:20-24; 80:2-5); [Doc. 50-21] Lee Depo. Tr. at 77:16-19; 77:25-78:2; 78:12-21; 79:6-11).

In addition, Plaintiff's citations to Lee's deposition are responsive to and directly rebut the arguments raised in Defendant's response. *Compare* Defs Resp., [Doc. 51 at pp. 13-14] (arguing that Bartenders make more than minimum wage and stating that "Lee...testified he could not think of a single instance of Big Texan paying bartenders less than $8.50/hour.") (citing [Doc. 52-5] Lee's Depo. Tr. at 128:1-7)) *and* Defs Resp., [Doc. 51 at pp. 13-14 n. 9] ("Big Texan does not rely on the tip credit to pay its bartenders...a direct wage that is at least $8.50 an hour.") (citation omitted) *with* Pls Reply, [Doc. 54 at p. 4] (rebutting Defendant's assertion in its response by submitting evidence showing that "Defendant's own paystubs reveal it utilizes the tip credit for bartenders.") (citing

---

[2] The bolded excerpt lines reflect the difference in the citations to Lee's deposition relied on in Plaintiffs' motion and reply, in relevant part. *Compare* Pls' Mot., [Doc. 49 at p. 14] (citing Lee Depo. Tr. at 56:21-23; 75:25-76:3; 76:17-77:3; 77:8-10; 80:2-5) *with* Pls Reply, [Doc. 54 at p. 4] (citing Lee Depo. Tr. at 75:25-76:3; 76:15-77:3; 77:8-10; **77:20-24**; 80:2-5) (emphasis added) *and Id.*, [Doc. 54 at p. 4] (citing Lee Depo. Tr. at 77:16-19; **77:25-78:2; 78:12-21; 79:6-11**) (emphasis added)).

[Doc. 50-9 at pp. 11-12, 14] (Whitner Paystubs Excerpts) (identifying below the deduction line "8 - *tip credit* $[]" and "Q -*tip Cr Offset* $-[]")) (emphasis added); [Doc. 50-10 at pp. 8-17, 19] (Cera Paystubs Excerpts); [Doc. 50-11 at p. 5] (Stringer Paystubs Excerpts)).

Plaintiff also rebuts Defendant's argument in its response that bartenders were not paid pursuant to the tip credit, by submitting a copy of the notice to employees (unsigned/undated version) [Doc. 54-1][3] and citing to Lee's testimony showing bartenders were required to "sign a notice stating that bartenders 'will be paid as a tipped employee. . . .meaning that [Defendant] will be claiming a tip credit toward meeting our minimum wage obligation. . . .'" Pls Reply, [Doc. 54 at p. 4] (citing [Doc. 54-1] (Notice to Employees–Tip Pool Recipient); [Doc. 50-21] (Lee Depo. Tr. at 77:16-19; 77:25-78:2; 78:12-21; 79:6-11)).

Because the arguments and evidence in Plaintiff's reply are responsive to, and rebut, Defendant's arguments and evidence in its response "this is not a situation in which a new issue was raised for the first time in a reply that would require the court to give him an opportunity to respond to [Plaintiffs'] reply before the court rules" on the motion for notice, or that would require the court to strike the evidence Plaintiffs relied on in the reply. *See Lynch v. Union Pac. R.R. Co.*, Civil Action No. 3:13-CV-2701-L, 2015 U.S. Dist. LEXIS 152674, at *3 (N.D. Tex. Nov. 6, 2015) (denying motion to strike). Accordingly, Defendant's motion to strike and request to file sur reply should be denied. *See Banda v. Owens Corning Corp.*, No. 3:17-CV-1787-B, 2018 U.S. Dist. LEXIS 214844, at *12 (N.D. Tex. Dec. 21, 2018) (citing *Murray v. TXU Corp.*, 2005 U.S. Dist. LEXIS 10298, 2005 WL 1313412, at *4 (N.D. Tex. May 27, 2005) (denying motion to strike reply brief and supplemental appendix,

---

[3] For the Court's reference, the Notice to Employees – Tip Pool Recipient was *attached as* Exhibit 1 to Plaintiffs' Reply.

and denying motion for leave to file a sur reply because the arguments contained within did not raise new arguments or legal theories, but instead rebutted the response or bolstered the arguments contained in its initial motion).

2. **Notice to Employees - Tip Pool Recipient** *attached as* **Exhibit 1 to Plaintiffs' Reply.**

Plaintiff's evidence and citations to [Doc. 54-1] do not raise new arguments or rely on new evidence not already in the record. Indeed, Plaintiff's Reply Exhibit 1 is simply the unsigned and undated version of the Notice to Employees – Tip Pool Recipient [Doc. 54-1]—the same document Defendant's admitted during Cera's deposition and *attached as* Exhibit 7 to Defendant's response [Doc. 52-7 at p. 12] (Cera Depo. Ex. 3, Notice to Employee-Tip Pool Recipient, Signed 12/21/2020). *See also* Defs Ex. 7 [Doc. 52-7 at pp. 5-7] (Cera Depo. Tr. 48:2-15; 55:12-23) (questioning pertaining to the Notice to Employee-Tip Pool Recipient—including bartenders as reflected in the document).

Defendant's arguments are also undermined by the fact that the evidence attached to Plaintiff's reply contains the same content as the evidence Defendant's attached to its response. *Compare* Pls Reply, [Doc. 54 at p. 4] ("Bartenders. . . .will be paid as a tipped employee. . . .meaning that we will be claiming a tip credit toward meeting out minimum wage obligation. . . .") (quoting [Doc. 54-1] Notice to Employees–Tip Pool Recipient, Unsigned/Undated) *with* Defs Resp. Ex. 7 [Doc. 52-7 at 12] (Notice to Employees–Tip Pool Recipient, Signed 12/21/2020) (stating, in the first paragraph, that "Bartenders. . . .will be paid as a tipped employee. . . .meaning that we will be claiming a tip credit toward meeting out minimum wage obligation. . . .").

Moreover, Plaintiffs evidence is specifically directed and responsive to Defendant's argument raised in its response that bartenders were not paid pursuant to the tip credit. [Doc. 51 at pp. 13-14 n. 9]. Here, Plaintiffs respond and rebut this argument by submitting a copy of the notice

5

to employees (unsigned/undated version) [Doc. 54-1]**[4]** showing that bartenders were classified as "tipped employees" and required to sign a notice stating that "[b]artender[s]. . . .will be paid as a tipped employee. . . .meaning that [Defendant] will be claiming a tip credit toward meeting our minimum wage obligation." *See* Pls Reply, [Doc. 54 at p. 4] (citing [Doc. 54-1] (Notice to Employees – Tip Pool Recipient); [Doc. 50-21] (Lee Depo. Tr. at 77:16-19; 77:25-78:2; 78:12-21; 79:6-11)). *See, e.g., Srk Holdings v. S. Towing Co.*, No. 3:20-cv-00110, 2021 U.S. Dist. LEXIS 228612, at *6 (S.D. Tex. Nov. 30, 2021) (citing *Krohn v. Spectrum Gulf Coast, LLC*, No. 3:18-CV-2722-S, 2019 U.S. Dist. LEXIS 161107, at *2 n.1 (N.D. Tex. Sep. 19, 2019) ("Although this evidence was submitted for the first time in [the] Reply, the Court will consider it, as it 'rebut[s] [the] [arguments in the r]esponse' and 'bolster[s] the arguments' made in the Motion.") (citing *Murray*, 2005 U.S. Dist. LEXIS 10298, 2005 WL 131412, at *4; *see also Lynch v. Union Pac. R.R. Co.*, 2015 U.S. Dist. LEXIS 152674, at *3-4 (considering the [] reply evidence without [] seeking leave [b]ecause [the] reply and related evidence are responsive to arguments raised and evidence relied on [in the] response.'")).

3. **Cera, Opt-in Plaintiff Deposition Excerpts** *attached as* **Exhibit 2 to Plaintiffs' Reply, relate, and are responsive, to the arguments and evidence in Defendant's response.**

Plaintiff also submitted two (2) additional pages from Opt-in Plaintiff, Cera's deposition not included by Defendant, which contains testimony related to Cera's position as a bartender, bartender pay, and paycheck information—specifically rates of pay for bartenders.

> Q. [] [] . . .based on that paycheck, how much do you think you were making an hour?
> A. $6.75
> Q. [] you don't think you were making $8.50 an hour?
> A. [], I'm not sure what that [$8.50 an hour] is.

---

**[4]**   For the Court's reference, the Notice to Employees – Tip Pool Recipient (unsigned/undated version) was *attached as* Exhibit 1 to Plaintiffs' Reply and is the same document Defendant's admitted during Cera's deposition and *attached as* Exhibit 7 to Defendant's response [Doc. 52-7 at p. 12] (Cera Depo. Ex. 3, Notice to Employee-Tip Pool Recipient, Signed 12/21/2020).

> Q. [], I'm asking what you know. [] [] I understand bartenders were paid $8.50 an hour, but if you have a different understanding, I want to know it.
>
> . . . .
>
> A.  Well, I don't know.
> Q.  So you don't know what you were paid as a bartender?
> A. Correct.

Pls Reply Ex. 2 [Doc. 54-2 at p. 3] (Cera Depo. Tr. at 66:5-18); *see also* Pls Reply Ex. 2 [Doc. 54-2 at p. 4] (Cera Depo. Tr. at 67:1-25) (questioning related to bartender rates of pay on Cera's paystub labeled "tips", "(Field 3)", and "indirect tips"). Here, Cera's testimony excerpts—pages 66 and 67—directly respond to Defendant's assertions. *Compare,* Defs Resp., [Doc. 51 at p. 13] (asserting that the "unequivocal evidence, including the pay summaries [i.e., paystubs] cited by Plaintiff, shows. . .bartenders made a minimum of $8.50 per hour. . . ."), *and,* Defs Resp., [Doc. 51 at p. 14] (stating Cera's pay summary shows "regular rate of pay as $6.75 and PBW rate of pay as $1.75 for 63.55 hours, for a total of $8.50 per hour") (citing [Doc. 50-10 at 1])), *with,* Pls Reply, [Doc. 54 at pp. 3-4] (confirming Defendant's own paystubs reflect that it used the tip credit to pay bartenders a subminimum wage of $6.75) (citing, in pertinent part, [Doc. 54-2 at p. 3] (Cera Depo. Tr. at 66:2-10) (Q. [] [] . . .based on that paycheck [issued by Defendant], how much do you think you were making an hour? A. $6.75 Q. [] you don't think you were making $8.50 an hour? A. [], I'm not sure what that [$8.50 an hour] is."); [Doc. 54-2 at p. 4] (citing Cera Depo. Tr. at 67:1-25) (questioning related to bartender rates of pay on Cera's paystub labeled "tips", "(Field 3)", and "indirect tips").

4. **The Pay Summaries (i.e., paystubs) cited in Plaintiff's Reply, is the same evidence *attached as* Exhibit Nos. 5 – 11 to Plaintiffs' Motion.**

Although Defendant's argument regarding the pay summaries (i.e., paystubs) is unclear, Plaintiff's evidence contained in the pay summaries (i.e., paystubs) attached to the initial motion specifically address the assertions in Defendant's response and do not consist of new evidence or new arguments. *Compare* Defs Resp., [Doc. 51 at pp. 13-14] (stating pay summaries "reflect the

7

bartenders' wage is comprised of two rates: (i) a regular rate of $6.75 per hour, and (ii) a 'Performance Based Wage' (PBW) rate of $1.75 per hour[]") *with* Pls Reply, [Doc. 54 at pp. 4-5] ("[] the paystubs Defendant produced and relies on in its response [Doc. 51 at pp. 13-14] do not identify an hourly wage of $8.50—instead, they reflect multiple rates for bartenders, including Regular Rate: $6.75, PBW-PEP (field 3) Rate: $1.75, TIPS (field 3) Rate, INDIRECT TIPS (field 3) Rate.") (citing Pls Mot., [Doc. 49 at p. 18]; Paystub Excerpts, [Doc. 50-10 at pp. 8-17, 19])). In fact, the pay summaries (i.e., paystubs) Plaintiff cites in the reply [Doc. 54 at pp. 3-4] are the same evidence submitted and cited in Plaintiff's motion. [Doc. 49 at pp. 14, 18]. [5]

The evidence Plaintiff cites also addresses Defendant's assertion that bartenders were not paid pursuant to the tip credit. *Compare* Defs Resp., [Doc. 51 at p. 15 n. 9] (contending that "Big Texan does not rely on the tip credit to pay its bartenders. . . .") *with* Pls Reply [Doc. 54 at p. 4] ("Defendant's own paystubs reveal it utilizes the tip credit for bartenders.") (citing [Doc. 50-9 at pp. 11-12, 14] (Whitner Paystubs Excerpts) (identifying below the deduction line "8 - **tip credit** $[]" and "Q - **tip Cr Offset** $-[]")) (emphasis added); (Cera Paystubs Excerpts) [Doc. 50-10 at pp. 8-17, 19]; (Stringer Paystubs Excerpts) [Doc. 50-11 at p. 5]). *See also* Section 1. and 2. (above).

Moreover, Plaintiff did not simply submit "200 pages of pay summaries," as Defendant's state, for this Court to hunt for truffles in the briefs. [Doc. 55 at pp. 3-4]. In fact, due to the volume of paystubs, Plaintiff submitted a ***sample*** of the paystubs produced during phase one discovery, reflecting servers' and bartenders' rate of pay and covering various pay periods during the relevant time period. Therefore, in lieu of attaching thousands of pages of paystubs for the Court to review,

---

[5] Notably, Defendant argues that the pay summaries cited in the reply "were not addressed or even cited in the motion" [Doc. 55 at p. 3] and, at the same time, cite to Plaintiffs' motion (and evidence therein) to support this argument. *See* Defs Mot. Strike., [Doc. 55 at p. 3] (citing Pls Mot., [Doc. 49 at pp. 14, 18])).

Plaintiff submitted a sample demonstrating Defendant employed Plaintiff and many other individuals as servers and bartenders—all were subject to the same policies and compensation structure (i.e., paid a subminimum hourly wage plus tips) pursuant to the tip credit.[6]

5. **Defendant's motion, alternatively, seeking leave to file a surreply should be denied because it the surreply its seeks to file merely restates the same arguments made in its response to Plaintiffs motion.**

Leave to file a sur-reply is unwarranted because Defendant's proposed sur-reply [Doc. 55-2] merely restates the arguments made in its initial response and does not include new arguments or evidence. *See, e.g.*, *Williams v. Aviall Servs.*, 76 F. App'x 534, 535 (5th Cir. 2003) (noting that "[the] response to the motion. . .had already presented everything contained in [the] surreply. . . ." and affirming the denial of a party's motion for leave to file a sur-reply because the sur-reply did not include new arguments or evidence); *Berkman v. City of Keene*, No. 3:10-CV-2378-B, 2011 U.S. Dist. LEXIS 83580, at *14 (N.D. Tex. July 29, 2011) (denying a party's motion for leave to file a sur-reply because the proposed sur-reply involved no new issues). Here, in the proposed sur-reply, Defendant again makes the same arguments that bartenders were not paid pursuant to the tip credit and claiming bartenders were paid more than minimum wage. *Compare* Defs Sur-Reply, [Doc. 55-2 at pp. 3-5] *with* Defs Resp., [Doc. 51 at 13-15]. Defendant even cites the same evidence in its sur-reply [Doc. 55-2 at pp. 3-5] to support the same arguments regarding bartenders' rate of pay it

---

[6]    *See* Pls Mot., [Doc. 49 at p. 14] (citing [Doc. 50-5] (Johnson Paystubs), [Doc. 50-6] (Shanen Paystubs), [Doc. 50-7] (Nunez Paystubs), [Doc. 50-8] (Garcia Paystubs), [Doc. 50-9] (Whitner Paystubs), [Doc. 50-10] (Cera Paystubs), and [Doc. 50-11] (Stringer Paystubs)). *See also* Pls Reply, [Doc. 54 at p. 4] (citing [Doc. 50-9 at pp. 11-12, 14] (Whitner Paystubs Excerpts) (identifying below the deduction line "8 - ***tip credit*** $[]" and "Q - ***tip Cr Offset*** $-[])) (emphasis added); [Doc. 50-10 at pp. 8-17, 19] (Cera Paystubs Excerpts); [Doc. 50-11 at p. 5] (Stringer Paystubs Excerpts)).

9

raised in its response [Doc. 51 at 13-15] to Plaintiff's motion for notice. Thus, Defendant's request for leave to file a sur-reply should be denied.

*   *   *

## PRAYER

Accordingly, Plaintiffs respectfully request this Court deny Defendant's Motion. Plaintiffs further request all such other relief to which Plaintiffs may be justly entitled.

Respectfully submitted,


By: */s/ Drew N. Herrmann*
Drew N. Herrmann
Texas Bar No. 24086523
drew@herrmannlaw.com
Pamela G. Herrmann
Texas Bar No. 24104030
pamela@herrmannlaw.com
**HERRMANN LAW, PLLC**
801 Cherry St., Suite 2365
Fort Worth, TX 76102
Phone: 817-479-9229
Fax: 817-840-5102

ATTORNEYS FOR PLAINTIFFS
AND COLLECTIVE MEMBERS


## CERTIFICATE OF SERVICE

I certify that on November 27, 2024 the above document will be filed via CM/ECF, which will cause a copy to be served on all counsel of record.

*/s/ Drew N. Herrmann*
Drew N. Herrmann