IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

THERESA STRINGER, a/k/a THERESA
LOPEZ-GONZALES, *Individually and On
Behalf of All Others Similarly Situated,*

      Plaintiffs,

v.

BIG TEXAN STEAK RANCH, INC.,

      Defendant.

2:23-CV-181-Z-BR

## MEMORANDUM OPINION AND ORDER

Before the Court is the Defendant's Unopposed Motion to Dismiss Opt-in Plaintiff Kaitlynn Valdez ("Motion"), filed January 29, 2026. ECF No. 80. For the reasons stated herein, the Motion (ECF No. 80) is **GRANTED**.

### BACKGROUND

Plaintiff Theresa Stringer initiated this lawsuit on November 8, 2023, "individually and on behalf of all others similarly situated," alleging that Big Texan Steak Ranch ("Big Texan") unlawfully deprived its employees of wages under the Fair Labor Standards Act ("FLSA"). ECF No. 1. In an FLSA class action, each plaintiff must affirmatively consent to join the case. 29 U.S.C. § 216(b); *see also In re JPMorgan Chase & Co.*, 916 F.3d 494, 500 (5th Cir. 2019) ("Unlike members in Rule 23 class actions, putative collective members must affirmatively opt in to FLSA actions."). Plaintiffs who consent to join an FLSA class action are called "opt-in plaintiffs." *See, e.g., JPMorgan Chase*, 916 F.3d at 500.

Kaitlynn Valdez opted to join this action on December 1, 2023. ECF No. 9-2. Later, "Theresa Stringer and each Opt-In Plaintiff" agreed with Big Texan that, to limit discovery, Big Texan would serve written discovery requests on and depose only sixteen "Discovery Plaintiffs." ECF No. 70 at 1, 7. The parties further agreed that "[i]f a previously selected

Discovery Plaintiff refuses to . . . respond to discovery requests, Defendant may file a Motion to Dismiss that Plaintiff's claim and select a replacement." *Id.* at 7.

Big Texan chose Ms. Valdez as a Discovery Plaintiff and served her with discovery requests, including interrogatories, on October 8, 2025. ECF No. 80 at 1. After an extension, Ms. Valdez's responses were due December 10, 2025. *Id.* at 2. Ms. Valdez did not meet that deadline, and to this day has not served her responses or otherwise communicated her intent to continue engaging as a Plaintiff in this lawsuit. *Id.* The Plaintiffs' attorneys were apparently unable to reach Ms. Valdez to get her position on this Motion. *Id.* at 4.

ANALYSIS

The Federal Rules of Civil Procedure provide at least two independent grounds for dismissal when a plaintiff fails to respond to discovery requests and other communications. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss an action or claim "[i]f the plaintiff fails to prosecute." *See Hastings v. Littlefield*, 988 F.2d 1209 (5th Cir. 1993). Rule 37 allows the Court to sanction parties who fail to respond to certain discovery requests, such as interrogatories, including by "dismissing the action . . . in whole or in part." *See Passmore v. Baylor Health Care Sys.*, 823 F.3d 292, 296 (5th Cir. 2016). Both Rules are implicated when an opt-in plaintiff in an FLSA class action fails to respond to discovery requests. *See Robinson v. RWLS, LLC*, No. 5:16-CV-201, 2018 WL 11346754, at *2 (W.D. Tex. Dec. 6, 2018).

It is undisputed that Ms. Valdez failed to respond to written discovery requests, including interrogatories. ECF No. 80 at 1–2. In doing so, she has also failed to prosecute her case. Over four months have passed since her original deadline to respond to the discovery requests, and this Motion to dismiss her has been on the docket for over two months. *Id.* But still Ms. Valdez has not responded. Ms. Valdez's own attorneys could not contact her to confirm whether she consents to the instant Motion. *Id.* at 4. The Court finds that the failure

2

to respond to both the written discovery requests and the instant Motion is a failure to prosecute. *See Robinson*, 2018 WL 11346754 at *2 (failure to respond to discovery request is failure to prosecute); *Darden v. Gregg Cnty. Jail*, No. 6:25-CV-182, 2025 WL 3557945, at *2 (E.D. Tex. Nov. 12, 2025), *report and recommendation adopted*, 2025 WL 3556108 (E.D. Tex. Dec. 11, 2025) (failure to respond to motion to dismiss is failure to prosecute). Thus, dismissal without prejudice is an appropriate sanction under Federal Rules of Civil Procedure 37 (failure to respond to interrogatories) and 41(b) (failure to prosecute).

When the applicable statute of limitations may bar future litigation after a dismissal without prejudice, a district court should only dismiss when the standard for dismissal *with* prejudice is met. *See Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014). Dismissal with prejudice is an "extreme sanction." *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980). Thus, the Court should dismiss with prejudice only if: "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) lesser sanctions would not serve the best interests of justice." *Coleman*, 745 F.3d at 766. In addition, to dismiss with prejudice, at least one of three aggravating factors should be present: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* at 766 n.9 (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Because this action was filed over two years ago, dismissal without prejudice may effectively be dismissal with prejudice.[1] Thus, dismissal is only appropriate if the above-referenced standards for dismissal with prejudice are met. The Court finds the standards are met. First, there is a clear record of delay. As discussed above, Ms. Valdez failed to respond

---

[1] The Court has not analyzed whether any of Ms. Valdez's claims would be barred. For the purposes of this Order, the Court assumes without deciding that may be the case. *See Robinson*, 2018 WL 11346754 at *2 n.2.

to both discovery requests and the instant Motion, despite her own attorneys' attempts to reach her. Over four months have passed since her discovery response deadline, and over two months since this Motion was filed—still, there has been no response. ECF No. 80 at 1–2. This is a "clear record of delay." Second, the Court finds that lesser sanctions would not serve the best interests of justice. Ms. Valdez expressly agreed that failure of a Discovery Plaintiff to respond to discovery requests could result in dismissal. ECF No. 70 at 7. It is fair to hold her to this agreement, and it would be unfair to the Discovery Plaintiffs who have fulfilled their obligations not to. Further, Ms. Valdez has not responded to her own attorneys' communications regarding this motion. *See Robinson*, 2018 WL 11346754 at *2 (failure to respond to attorney communications justifies dismissal). And her dismissal is unopposed. ECF No. 80 at 4. For these reasons, a lesser sanction would not be appropriate here. *See United States v. $49,000 Currency*, 330 F.3d 371, 379 (5th Cir. 2003) (rejecting the contention that the district court is "required to attempt to coax [parties] into compliance . . . by imposing incrementally increasing sanctions"). Third, at least two aggravating factors are present.[2] (1) The delay here was caused by the plaintiff herself, not her attorney (ECF No. 80 at 4); and (2) Big Texan is prejudiced by Ms. Valdez's failure to respond to its discovery requests. *See Coleman*, 745 F.3d at 766 n.9 (discussing the aggravating factors).

Accordingly, even if the dismissal without prejudice of Ms. Valdez is effectively a dismissal with prejudice, such dismissal is an appropriate sanction here.

CONCLUSION

For the reasons stated above, Defendant's Motion (ECF No. 80) is **GRANTED**. Pursuant to Federal Rules of Civil Procedure 37 and 41(b), Opt-In Plaintiff Kaitlynn Valdez is **DISMISSED WITHOUT PREJUDICE** from the instant action.

---

[2] Only one aggravating factor is required. *See Coleman*, 745 F.3d at 766 n.9.

4

**SO ORDERED.**

April 13, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE