IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

THERESA STRINGER, a/k/a THERESA LOPEZ-GONZALES, *Individually and On Behalf of All Others Similarly Situated,*

Plaintiff,

v.

BIG TEXAN STEAK RANCH, INC.,

Defendant.

2:23-CV-181-Z-BR

**MEMORANDUM OPINION AND ORDER**

Before the Court is the parties' Joint Renewed Motion for Approval of Confidential Settlement Agreement, filed under seal on November 19, 2026 ("Motion").[1] ECF No. 118. The Motion asks the Court to "review the Agreement previously filed by the [p]arties for approval at ECF 113 and approve the Agreement with a modified, reduced service award." *Id.* For the reasons below, the Motion (ECF No. 118) is **GRANTED**.

The parties initially filed a Joint Motion for Approval of Confidential Settlement Agreement on September 15, 2026. ECF No. 113. The Court denied that Motion without prejudice, explaining that it could approve all the terms *except* the service award. ECF No. 114. The Court directed the parties to "modify[] the service award, submit[] new evidence supporting the service award, or both." *Id.* at 13. The parties have done both. First, they reduced the service award to an amount that is less than 1% of the total Gross Settlement Amount. ECF No. 118. The difference "will be added to the Net Settlement Amount and distributed pro rata among the Collective Members under the Agreement's existing allocation

[1] The parties publicly filed a redacted version of the Motion on November 13, 2026. ECF No. 115. Because the Court resolves the request based on the Motion filed under seal, the publicly filed Motion (ECF No. 115) is **DENIED as moot**.

formula." *Id.* Second, they submitted a declaration of the Named Plaintiff to support the service award, explaining the time and effort she spent representing the interests of the Class Members throughout this case. ECF No. 118-2.

"Service awards to class representatives are permissible where they are fair and reasonable." *Lee v. Metrocare Services,* 3:13-CV-2349, 2015 WL 13729679, at *4 (N.D. Tex. July 1, 2015) (O'Connor, J.). "That does not mean, however, that [service] awards are always merited." *In re Heartland Payment Sys.*, 851 F. Supp. 2d 1040, 1089 (S.D. Tex. 2012). Courts in this Circuit have considered the following non-exhaustive factors when evaluating service awards:

> (1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

*Humphrey v. United Way of Texas Gulf Coast*, 802 F. Supp. 2d 847, 869 (S.D. Tex. 2011); *see also Lee*, 2015 WL 13729679 at *8 (considering the *Humphrey* factors). "[T]he case law in the Fifth Circuit suggests that 1% of the common fund is a reasonable benchmark for the upper-most bound of permissible service awards in typical cases." *Lee*, 2015 WL 13729679 at *8 (collecting cases).

Here, the *Humphrey* factors support a service award. The Named Plaintiff's Declaration establishes that she faced both risk and personal difficulties, and spent significant time and effort over the course of this lengthy litigation, all for relatively minimal personal gain. ECF No. 118-2. And the award is now less than 1% of the Gross Settlement Amount. *Id.* This brings the service award below the "upper-most bound of permissible service awards." *Lee*, 2015 WL 13729679 at *8. Accordingly, the Court accepts the modified service award.

The Court continues to approve the remaining terms of the Settlement Agreement for the reasons discussed in its Memorandum Opinion and Order dated November 2, 2026. ECF No. 114. That Memorandum Opinion and Order is incorporated by reference into this Order. *Id.* Accordingly, the Court **APPROVES** the Settlement Agreement provided by the parties in ECF No. 113 *after* that agreement is modified to reduce the service award and distribute the excess funds as described in the parties' Motion (ECF No. 118).[2]

**CONCLUSION**

For the reasons above, the Motion (ECF No. 118) is **GRANTED**, and the publicly filed Motion (ECF No. 115) is **DENIED as moot**. The parties are **ORDERED** to file a Joint Stipulation of Dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) **on or before Friday, December 11, 2026 at 5:00 p.m. (CST)**.

**SO ORDERED.**

November 23, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

[2] The parties attached a copy of the Settlement Agreement to their Motion. ECF No. 118-1. While the pro rata shares of each Collective Member are updated, the text of the "new" Settlement Agreement retains the rejected service award. *Compare* ECF No. 113 at 13, 22–23; *with* ECF No. 118-1 at 9, 17–18 (ECF page numbers). For complete clarity, the Court does *not* accept the Settlement Agreement as presented in ECF No. 118-1. It accepts the Settlement Agreement in ECF No. 113, *modified as described* in the Parties' Motion (ECF No. 118).